IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRANCE ANTHONY ROBERTS,

    Petitioner,                   No. CIV S-02-1962 GEB JFM P

    vs.

MIKE KNOWLES, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant action on August 15, 2002. Although the claims raised in the petitioner are not entirely clear, it appears that petitioner is attempting to claim that he has been held in prison past the expiration of two consecutive sentences imposed following criminal convictions that he suffered in Sacramento County and Yolo County in 1998 and 1999, respectively.[1] Specifically, petitioner alleges that on September 18, 1998, he was sentenced by the Sacramento County Superior Court to 3 years and 8 months in

---

[1] Petitioner's second and third claims for relief do not present cognizable grounds for habeas corpus relief under 28 U.S.C. § 2254. In his second claim, petitioner alleges that he has "a violent felony offense only on [his] prior record," and that his remaining convictions are for non-violent felonies. In his third claim, petitioner alleges that he spent most his incarceration between 1998 and 2002 in segregated housing units and isolation. These allegations, without more, do not state a claim for violation of petitioner's federal constitutional rights

1

prison following his conviction on charges of assault with a deadly weapon, and that on March 5, 1999, he received a consecutive 8 month sentence from the Yolo County Superior Court following his conviction for possession of a weapon. Petitioner claims that he "served the whole three years" until October 27, 2001.

Respondent contends that the petition does not present a federal question and that it should therefore be denied. In support of this contention, respondent presents the following evidence. Petitioner was released on parole on October 27, 2001. (Ex. C to Answer, filed January 29, 2003.) Petitioner was arrested the next day and charged with public intoxication and violating a special condition of his parole that he not possess or consume alcohol. (Ex. E to Answer.) On January 9, 2002, petitioner's parole was revoked and he was returned to prison for eight months. (Ex. G to Answer.) Thereafter, supplemental charges were filed against petitioner for battery on a peace officer. (Ex. H to Answer.) The supplemental charges arose out of an incident on December 21, 2001, while he was in custody awaiting the parole revocation hearing. (Id.) On May 16, 2002, the charges were amended to resisting/delaying a peace officer in the performance of duty, good cause was found for the charges, and additional time was added to the sentence imposed following the January 9, 2002 parole revocation. (Ex. I to Answer.) The total sentence imposed on petitioner's revocation of parole was 365 days, and petitioner's revised parole date was set for October 28, 2002. (Ex. C to Answer.)[2]

California Penal Code § 3056 provides that state prisoners on parole "shall remain under the legal custody of the department and shall be subject at any time to be taken back within the inclosure of the prison." Cal. Penal Code § 3056. California Penal Code § 3057 limits the

/////

---

[2] The record of the May 16, 2002 hearing reflects an additional 9 month sentence imposed consecutive to the 8 months sentence imposed at the January 9, 2002 hearing. (Ex. I to Answer.) However, in accordance with California Penal Code § 3057, the total sentence imposed for the findings made at the January 9, 2002 and May 16, 2002 hearings, which were treated as one parole revocation, was 365 days.

period of confinement that may imposed solely due to a parole revocation to a period of 12 months. Cal. Penal Code § 3057(a).[3]

The record reflects that petitioner released on parole on October 27, 2001 and one day later was taken back in custody for a parole violation.  His parole was revoked on January 9, 2002, and an additional period of twelve months of confinement was ultimately imposed on that initial parole revocation.  That twelve month period was still running when this action was filed on August 15, 2002.[4]  There is no evidence supporting petitioner's claim that he was unlawfully held past the expiration of the sentences imposed in 1998 and 1999 following criminal convictions that he suffered in Sacramento County and Yolo County Superior Courts

For the foregoing reasons, this court finds without merit petitioner's claim that he was unlawfully held in prison past the expiration of his 1998 and 1999 prison sentences. Petitioner's application for a writ of habeas corpus should therefore be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

---

[3] That period of confinement may be increased by an additional 12 months for misconduct committed by a parolee while confined pursuant to an initial parole revocation.  See Cal. Penal Code § 3057(c).  It appears that petitioner had a revocation extension of an additional 12 months in prison imposed following a hearing on June 12, 2002.  (Exs. C and J to Answer.)

[4] Petitioner does not challenge the validity of the original parole revocation proceedings. In a document filed February 18, 2003, petitioner appears to challenge the parole revocation extension that followed the June 12, 2002 hearing.  No claim arising from the June 12, 2002 extension hearing is raised in the petition filed in this action, and the validity of that parole revocation extension is not properly before the court.

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: January 24, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
robe1962.157